# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-784V
Filed: November 30, 2015
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| CHERI FOX, | \* | |
| | \* | |
| Petitioner, | \* | Damages Decision Based on Proffer; |
| | \* | Influenza ("Flu") Vaccination; Shoulder |
| | \* | Injury Related to Vaccine Administration |
| SECRETARY OF HEALTH | \* | ("SIRVA"); Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | \* | Special Processing Unit ("SPU") |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA,* for petitioner.
*Alexis B. Babcock, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION AWARDING DAMAGES AND ATTORNEYS' FEES AND COSTS[1]

**Dorsey**, Chief Special Master:

On July 24, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that as a result of an influenza ["flu"] vaccination on September 23, 2014, she suffered a shoulder injury. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 28, 2015, a ruling on entitlement was issued, finding petitioner entitled to compensation for her Shoulder Injury Related to Vaccine Administration ["SIRVA"]. On November 30, 2015, respondent filed a Proffer of Damages ["Proffer"] indicating petitioner should be awarded $65,773.25 in damages for actual and projected pain and suffering, and $226.75 in damages for past unreimbursable expenses. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Respondent further proffered that petitioner shoulder be awarded $13,854.58 for attorneys' fees and costs. Proffer at 2. In accordance with General Order #9, the Proffer indicates that petitioner's counsel represents that petitioner incurred no out-of-pocket expenses. The Proffer further indicates that petitioner's counsel agrees with the proffered award. The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioner's request and the lack of any objection by respondent, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards**

**A. A lump sum payment of $66,000.00, which represents compensation for actual and projected pain and suffering ($65,773.25) and past unreimbursable expenses ($226.75), in the form of a check payable to petitioner, Cheri Fox. This amount represents compensation for all damages that would be available under § 300aa-15(a).**

**B. A lump sum payment of $13, 854.58[3] in the form of a check jointly payable to petitioner and petitioner's counsel, Maximillian Muller, Esq., for attorneys' fees and costs.**

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

                                      **s/Nora Beth Dorsey**
                                      Nora Beth Dorsey
                                      Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| CHERI FOX, ) | |
| ) | |
| Petitioner, ) | |
| ) | **No. 15-784** |
| v. ) | **Chief Special Master Dorsey** |
| ) | |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S PROFFER OF DAMAGES**

**I.     Items of Compensation**

For the purposes of this proffer, the term "vaccine-related" is as described in Respondent's Rule 4(c) Report filed on October 26, 2015.

    A.     Pain and Suffering

Respondent proffers that petitioner should be awarded $65,773.25 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    B.     Past Unreimbursable Expenses

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $226.75. Petitioner agrees.

    C.     Lost Wages

The parties agree that based upon the evidence of record, petitioner's vaccine-related injury has not impaired her earning capacity. Therefore, respondent proffers that petitioner

1

should be awarded no lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

      D.      Attorney's Fees and Costs

Petitioner has supplied documentation of reasonable attorney's fees and litigation costs in the amount of $13,854.58, incurred in pursuit of this petition. In compliance with General Order #9, petitioner has indicated that she did not incur any out-of-pocket expenses in proceeding on the petition. Respondent proffers that petitioner should be awarded $13,854.58 for attorneys' fees and costs. Petitioner agrees.

**II.    Form of the Award**

The parties recommend that compensation provided to petitioner should be made through lump sum payments as described below and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

A.  A lump sum payment of $66,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a)., in the form of a check payable to petitioner; and

B.  A lump sum payment of $13,854.58, in the form of a check payable to petitioner and petitioner's attorney, Maximillian Muller, Esq., for attorney's fees and costs. Petitioner agrees to endorse this payment to petitioner's attorney.

**III.    Summary of Recommended Payments Following Judgment**

| | | |
|---|---|---:|
| A. | Lump sum paid to petitioner: | **$66,000.00** |
| B. | Reasonable Attorney's Fees and Costs: | **$13,854.58** |

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BENJAMIN C. MIZER<br>Principal Deputy Assistant Attorney General |
|  | RUPA BHATTACHARYYA<br>Director<br>Torts Branch, Civil Division |
|  | VINCENT J. MATANOSKI<br>Deputy Director<br>Tort Branch, Civil Division |
|  | LINDA S. RENZI<br>Senior Trial Counsel<br>Torts Branch, Civil Division |
|  | s/ Alexis B. Babcock<br>ALEXIS B. BABCOCK<br>Senior Trial Attorney<br>Torts Branch, Civil Division<br>U.S. Department of Justice<br>P.O. Box 146<br>Benjamin Franklin Station<br>Washington, D.C.  20044-0146 |
| Dated:  November 30, 2015 | Telephone: (202) 616-7678 |